PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her 2006 Chevrolet Cobalt struck a hole while she was traveling on Foster Ridge Road, designated as County Route 32, near Ripley, in Jackson County. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 12:00 p.m. on July 15, 2008. According to the claimant, County Route 32 extends for seven to ten miles and there are between twenty to twenty-five residences in this area. As claimant was driving on County Route 32, her vehicle struck a hole in the road that was between two to three inches deep. Claimant stated that she was driving between ten to fifteen miles per hour because this portion of County Route 32 is a dirt road. Although claimant stated that she was familiar with the road, she had not traveled on this particular portion of the road for two weeks prior to this incident. She decided to travel through this area because it is a shortcut to Ripley. She stated her belief that the holes in the road formed due to the rain, but she had not seen the holes at this location before this incident occurred. As a result, claimant’s vehicle sustained damage to its oil pan in the amount of $375.18.
The position of the respondent is that it did not have actual or constructive notice of the condition on County Route 32. Mike Donohew, Crew Supervisor for respondent in Jackson County, testified that he is familiar with the area where claimant’s incident occurred. He stated that there are approximately seven residences, *107 not including the houses located off of County Route 32, in this area. He testified that County Route 32 is a third priority road in terms of its maintenance. He stated that he must follow respondent’s Core Maintenance Plan, which sets forth the maintenance schedule for a six-month period. The DOH12s, records of respondent’s work activity, indicate that respondent performed maintenance on this road as part of the Core Maintenance Plan on April 14-17,2008. Mr. Donohew testified that respondent lacks the resources to maintain the road more frequently. He further stated that he was not aware of complaints regarding this particular hole prior to the claimant’s incident.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and areasonable time to take corrective action. Chapman v. Dep’t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent did not have notice of the hole that claimant’s vehicle struck prior to this incident. Since County Route 32 is a third priority road and respondent was unaware of the hole, the Court cannot find respondent liable for the damage to the claimant’s vehicle.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.